BRUCE v. TAYLOR & MALISKEY.

MASTER AND SERVANT—INDUSTRIAL ACCIDENT BOARD—APPEAL AND ERROR.

An award of compensation for total disability because of a broken ankle, for a period of 500 weeks, will not be disturbed if there was evidence to support the finding of total disability, though this court might have reached a different conclusion as a question of fact. Act No. 10, Extra Session 1912; 2 Comp. Laws 1915, § 5439 *et seq.*[1]

Certiorari to the Industrial Accident Board. Submitted April 11, 1916. (Docket No. 90.) Decided June 1, 1916.

James Bruce presented his claim for compensation against Taylor & Maliskey for injury to claimant's right ankle. From an order awarding compensation for total disability, respondent and the Fidelity & Deposit Company of Maryland bring certiorari. Affirmed.

[1]For a review of cases under the workmen's compensation act, see note in L. R. A. 1916A, 409.

*Shields & Silsbee* (*Austin J. Spaulding,* of counsel), for appellants.

*Lee & Parker,* for appellee.

Claimant was injured, his right ankle being broken. The defendant insurance company entered into an agreement with him to pay him compensation at the rate of $6.75 per week during the period of disability; the agreement being subject to the terms of the compensation act (2 Comp. Laws 1915, § 5423 *et seq.*) Claimant was paid for 124 weeks, and pay for an additional week was tendered, and a receipt in full demanded. Claimant refused to give a receipt, and the company applied to the Industrial Accident Board to be relieved from making payments beyond the period of 125 weeks.

By the terms of the statute the period of disability for loss of a foot is deemed to be 125 weeks. Claimant testified at the hearing in part as follows:

"I am not able to follow any work such as I had been following, that of a common laborer, and there is no work that I have been able to find at which I can earn a livelihood. My leg pains me all the time. I am able to stand on it by using my cane, and taking the weight off my foot, but when I put the leg on the ground, and try to stand on it, I suffer pain. I have recently noticed that there is a breaking out around the injured portion of the right ankle, which Dr. Tupper says is due to deficient circulation. * * * I am not ready at this time to take any treatment that might be recommended by a competent physician as a step toward improving my condition. I think it has gone so far that there is no use of it. I will let it alone, and see. I will take a treatment, but not an operation. That answer is given in view of the advice given me by my doctor, who said not to have any operation. After Dr. Tupper recommended me to the Murphy operation, I had a talk with Dr. McGregor, and he told me to let it alone and not have the operation. * * * The last time I did any work was at the time

I received my injury, and I have not tried to do any work since. I have not made any effort to secure any employment that I am able to do without standing on my feet. * * * The reason that I have not done that is because I am not able to. * * * My hands and arms are both in good shape. My left leg is all right. My right leg is all right down as far as the point where I was struck by the iron. There is a sore there (indicating a point on the leg) down to a point below my knee; my right leg is all right. My general health is good, and I have a good appetite, and except for my leg, I am a perfectly healthy man. * * —* I have no education that enables me to take a clerical position, and when I sit down my leg pains me; the pain is with me all the time, and would interfere with me in any sitting down occupation."

Testimony of a physician was introduced which tended to prove that the condition of claimant can be, to an appreciable extent, remedied by a surgical operation. In part he said:

"In a case similar to Mr. Bruce's case, they get such results that the injured man, at the conclusion of this 12 months, is able to work, and stand on his feet, because they remove the very cause of the condition— that is, the removal of this bony tissue that is formed there, which impinges on the nerves, and that would have a tendency to cause pain. I believe in this case an operation over a year ago would have remedied the condition from which Mr. Bruce now suffers. (Any operation would remedy it I think.) I said so then, and I say so now. In my opinion, Mr. Bruce has not got now 10 per cent. of function in his foot. * * * Poor circulation caused the discolorations breaking out around the wound—a general weakness due to the circulation, which you always find in a wound of that kind. He has recovered so far as nature is concerned. It has formed a splint. He has recovered as much as he ever will, and so far as the usefulness is concerned, he is practically disabled with that ankle and foot at the present time. He does not appear to have recovered, but I contend that the man was totally disabled from work. He has not gotten over the injury, and I

see no immediate prospect for his recovery unless he has the operation. That operation is not guesswork. There is a certain per cent. of chances against him. It is not 40 per cent., but it is not guesswork. Murphy has got this work down to a science. * * * Following an operation on Mr. Bruce, after nature gets in her work of healing and cleaning up things—after the operation, assuming that the operation is not a success—his condition will not be any worse than now. I don't see any reason why it should be. There is no great risk attending the operation. (The risk of an operation is due to the anesthetic. They have got it down to an absolute science. There is not one fatality in 40,000."

To the writ of certiorari the board returns as a part of its finding:

"The position and claim of said Bruce is set forth in his answer to said petition as follows:

"'That the conditions are not the same as though the undersigned had lost a foot in which case he could have had recourse to an artificial limb and gone on with some employment. As it now stands he is entirely disabled and denies that the petitioner is entitled to the relief asked.'

"The board found from the evidence and the inspection of the injured limb that this claim was sustained. While no parts of the body except the foot and ankle in question are affected, the condition is such as to prevent the use of an artificial limb or appliance and to disable Mr. Bruce from following his customary employment. Such condition so far has prevented him from following any employment. In the opinion of the board the refusal of the defendant to submit to the proposed operation, referred to in the petition, was not so unreasonable as to justify the stopping of his compensation, the operation being a serious one and the result doubtful."

Ostrander, J. (*after stating the facts*). If claimant is totally disabled, his compensation must continue to be paid, not for longer than 500 weeks. Plaintiffs in certiorari argue that it is anomalous that he should

be permitted to recover for a period greater than the one fixed for the total loss of his foot, and it is suggested that the statute (section 10) be construed to mean for the loss of a foot, or what is equivalent thereto.

Sections 9 and the applicable parts of section 10, part 2 of Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, §§ 5439, 5440), read:

"Sec. 9. While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee a weekly compensation equal to one-half his average weekly wages, but not more than ten dollars nor less than four dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed four thousand dollars.

"Sec. 10. While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than ten dollars a week; and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury. In cases included by the following schedule the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, to wit:  *  *  *  For the loss of a foot, fifty per centum of average weekly wages during one hundred and twenty-five weeks."

The board has found that claimant's incapacity for work is total. It would seem that the finding might well have been that his incapacity is partial only, thus limiting payments to 300 weeks, in view of claimant's admission that he had not tried to work since receiving his injury, nor sought any employment other than such as requires him to stand on his feet. However, I think there is some testimony tending to support the

finding. We cannot by construction of the statute make a case of partial incapacity for work when the fact is found that the incapacity is total.

The conclusion of the board will not be disturbed.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.